E-FILED
Friday, 19 July, 2013 02:09:04 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

SHAWN M. BAHRS,                )
                              )
    Plaintiff,                )
                              )
    v.                        )      13-CV-2142
                              )
WEXFORD HEALTH CARE           )
SOURCES, INC., et al.,        )
                              )
    Defendants.               )

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, currently detained in the Champaign County Jail while he awaits resentencing, pursues claims arising from an alleged delay in diagnosing his colon cancer.

On July 8, 2013, Plaintiff filed a motion for emergency surgery to reverse his colostomy. The Court appointed pro bono counsel for purposes of a hearing on the motion. The parties reached an agreement before the conclusion of the hearing which effectively mooted Plaintiff's claim for immediate surgery. As the Court understands the agreement, Plaintiff was to be scheduled to receive surgery on Monday, July 15, 2013. Accordingly, this case will proceed pursuant to the standard procedures.

**IT IS THEREFORE ORDERED:**

1)      Plaintiff's emergency motion for surgery is denied as moot (d/e 7).

2)      Plaintiff's motion for the appointment of counsel is denied as moot (d/e 3).  Counsel was appointed for Plaintiff.  However, that appointment was limited to representing Plaintiff for the purpose of Plaintiff's emergency motion.  If Plaintiff believes he needs counsel beyond that, Plaintiff may renew his motion for appointment of counsel, setting forth his educational level, any classes he has taken in prison or after high school, his Test for Adult Basic Education Scores, and jobs he held before his imprisonment and during prison.  If Plaintiff renews his motion for counsel, he must also demonstrate that he has made reasonable efforts to obtain his own counsel.  Typically the Court requires Plaintiff to attach responses he received from several lawyers or law firms answering Plaintiff's written requests for representation.

3)      Defendants Dr. Shah and Sheriff Dan Walsh were added as Defendants by the Court solely for purposes of Plaintiff's emergency motion.  After the Court is notified in writing by the

Sheriff's counsel that Plaintiff has received his surgery, Defendants Shah and Walsh will be terminated.

4)    Attorney Vogt is directed to file an appearance for Dr. Shah by July 24, 2013.

5)    Attorney Mann is directed to file an appearance for Sheriff Walsh by July 24, 2013.

6)    Attorney Koester will be terminated as Plaintiff's counsel after the Court is notified that Plaintiff has received the surgery.

7)    Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs.   This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

**8)    If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will**

**require that Defendant to pay the full costs of formal service**

**pursuant to Federal Rule of Civil Procedure 4(d)(2).**

9)     With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

10)    Defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

11)    Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was

mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be struck by the Court.

12)   Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

13)   This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on September 30, 2013 at 1:30 p.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference.  The conference will be cancelled if service has been accomplished and no pending issues need discussion.  Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

14)   Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

15)   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO send to Defendant Debbie Fuqua pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) this order.**

ENTERED:   July 18, 2013
FOR THE COURT:

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE